UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AMOS JACKSON                              CIVIL ACTION NO. 12-cv-1965

VERSUS                                    JUDGE STAGG

STEVE HAYDEN, ET AL                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Amos Jackson ("Plaintiff") filed this civil action against three prison officials at David
Wade Correctional Center.  He alleges that they failed to protect him from an attack by his
cellmate.  Plaintiff and Defendants have filed competing Motions for Summary Judgment
(Docs. 22 and 26).  For the reasons that follow, it is recommended that Plaintiff's motion be
denied and that the Defendants' motion be granted in part by dismissing the claims against
Kevin Kidd but otherwise denied.  Genuine disputes of material fact prevent summary
judgment for either side with respect to the claims against defendants Jessie Scriber and
Steve Hayden.

**Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect inmates from
violence at the hands of other prisoners.  Farmer v. Brennan, 114 S.Ct. 1970 (1994); Horton
v. Cockrell, 70 F.3d 397, 400-01 (5th Cir.1995).  However, not every injury "by one prisoner
at the hands of another ... translates into constitutional liability for prison officials responsible

for the victim's safety." <u>Farmer</u>, 114 S.Ct. at 1977.  To establish a failure-to-protect claim, the plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir.1995).  "In order to act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference. <u>Id</u>., citing <u>Farmer</u>.

**Analysis**

### A. Plaintiff's Allegations and Evidence

Plaintiff's allegations in his complaint were verified pursuant to 28 U.S.C. § 1746. Plaintiff also supported his Motion for Summary Judgment with unsworn declarations by himself and Quindale Addison, in compliance with § 1746, that mirror the allegations in the complaint.  These submissions may serve as competent summary judgment evidence. <u>Stauffer v. Gearhart</u>, _____ F.3d _____, 2014 WL 273973 *3 (5th Cir. 2014), citing <u>Hart v. Hairston</u>, 343 F.3d 762, 765 (5th Cir. 2003).

Plaintiff states that he was housed in the N-4-B Tier, Cell No. 5 with Quindale Addison on October 14, 2011 when Addison declared himself a mental health emergency by filling out a sick call form that he handed to Sergeant Kevin Kidd.  Plaintiff says that Addison wrote on the form that he was thinking of "harming himself and others."  Kidd left and soon returned accompanied by Captain Jessie Scriber, who asked Addison what was wrong.  Plaintiff states that Addison responded that he was "really messed up in the head

right now" and asked to get out of the cell "before I end up hurting myself and my celly." Inmate Addison, in his declaration, agrees that he voiced concern to Scriber about hurting his cellmate.  Addison adds that he told Scriber he was suicidal and needed to be alone.

Plaintiff states that Captain Scriber then said aloud, "By policy, I'm supposed to separate these two, especially since he's told me he might jump on his celly."  Plaintiff says that Captain Scriber then said, "Let me check with mental health first," and summoned social worker Steve Hayden.  Plaintiff states that inmate Addison told Hayden that he needed to be alone and separated from his cellmate because he "might hurt myself and my cellmate too!"

The two men were not separated.  Instead, Addison was stripped of his clothing, bed linen, and other personal property and issued a paper gown.  He was placed on suicide watch. Plaintiff, together with his personal property, bed linens, and the like, was still in the cell with Addison.  Plaintiff states that, several hours later, Addison violently attacked him in the cell for several minutes, until the fight was broken up by correctional officers.  Addison says that he attacked Plaintiff due to frustration and negative, harmful thoughts.  Plaintiff states that he suffered knots, bruises, and swelling to his face and head.  He faults Hayden, Scriber, and Kidd for failing to protect him from this attack.

### B. Defendants' Summary Judgment Evidence

Defendants squarely challenge Plaintiff's version of the facts.  Sergeant Kidd testifies in an affidavit that he was stopped by Addison and given a sick call slip, which Kidd delivered to his supervisor, Captain Scriber.  Defendants did not file a copy of the sick call slip, which Plaintiff alleges contained a warning of danger to Plaintiff, and their affidavit

testimony does not specifically address the contents of the slip.  Defendants do testify broadly that they did not receive a report of a threat of harm.

Kidd agrees that Scriber and Hayden came to the tier in response to the sick call slip and that Addison was placed on standard suicide watch.  Kidd testifies that he monitored Addison's behavior for the rest of his shift and recorded it on a suicide log.  He testifies that neither Addison nor Plaintiff reported to him that Addison was having difficulty with, or thoughts of harming Plaintiff.  Kidd testifies that the fight occurred about two hours after his shift ended, and he was not on duty.

Captain Scriber testifies that Plaintiff and Addison were cellmates from August 30, 2011 to October 14, 2011, the date of the fight.  He testifies that Plaintiff expressed no protection concerns to him during the time the two men were housed together, and Addison did not report any problems with Plaintiff.  Scriber concurs in Kidd's description of the suicide watch placement.  He also testifies that he was not on duty at the time the altercation actually took place.

Steve Hayden testifies that Captain Scriber gave him the sick call slip, so he observed and assessed the behavior of Addison.  He recommended placement on standard suicide watch.  Hayden testifies that Addison did not report to him that he was having difficulty with or thoughts of harming his cellmate.  He testifies that Plaintiff did not report to him that he was having difficulty with being threatened by Addison.  Hayden says that, based on his observation and assessment, he did not recommend that Addison be placed in a single cell.

### C. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  A fact is "material" if it might affect the outcome of the suit under governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party.  <u>Anderson</u>, <u>supra</u>; <u>Hamilton v. Segue Software Inc.</u>, 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S.Ct. 1348, 1355-56 (1986).

### D. Conclusion

The parties offer competing evidence regarding what inmate Addison told the prison officials and how the officials responded.  Plaintiff's evidence must govern for purposes of summary judgment.  That evidence indicates that Addison informed Scriber and Hayden in a sick call slip and twice orally that he was suicidal and might attack his cellmate.  The men nonetheless knowingly left Plaintiff locked in the cell with Addison.  A reasonable juror

could find, given those facts, that Scriber and Hayden engaged in deliberate indifference to Plaintiff's safety.

As for Kidd, even Plaintiff's evidence shows that Kidd responded immediately when given the sick call slip by turning it over to a supervisor, who handled the matter from that point forward.  Once Scriber and Hayden decided on the course of action, Kidd monitored the cell until his shift ended hours before the attack.  There is no basis to believe Kidd could have done anything more than he did in an effort to respond to the possible threat.  Even the facts presented by Plaintiff do not permit a finding that Kidd was deliberately indifferent to Plaintiff's safety, so Kidd is entitled to summary judgment.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 22) be denied and that the Defendants' Motion for Summary Judgment (Doc. 26) be granted in part by dismissing all claims against defendant Kevin Kidd but denied in all other respects.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge